1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Gordon M. Park, #72190
     *gordon.park@mccormickbarstow.com*
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
5
   Attorneys for Defendant
6  UNITED FIRE & CASUALTY COMPANY

7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| VALLEY PROTEIN, LLC, | Case No. 1:19-CV-00231-AWI-SKO |
| Plaintiff, | **STIPULATION AND ORDER FOR THE CONTINUANCE OF THE TRIAL AND ALL DATES PURSUANT TO THE EXISTING SCHEDULING ORDER** |
| v. | |
| UNITED FIRE & CASUALTY COMPANY, and Does 1 through 100, inclusive, | (Doc. 30) |
| Defendants. | Hon. Sheila K. Oberto<br>U.S. Magistrate Judge |
| | Ctrm: #7   (6th Floor) |

IT IS HEREBY STIPULATED, by and between the parties through their respective counsel of records, Plaintiff, VALLEY PROTEIN, LLC ("Valley Protein") and Defendant, UNITED FIRE & CASUALTY COMPANY ("United Fire"), as follows:

1.  The parties stipulate and agree that good cause exists for vacating the existing trial date of October 5, 2021, and that all deadlines, hearings, and settlement conference be continued to new dates in accordance with the new trial date.  The dates set forth herein are suggestions only and the parties agree to whatever dates the court assigns for the new deadlines, hearings and settlement conference.

///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

STIPULATION AND ORDER FOR THE CONTINUANCE OF ALL DATES PURSUANT TO THE EXISTING SCHEDULING ORDER

///

2.      This case has basically settled at the mediation held with mediator retired Justice Stephen J. Kane on June 17, 2020.  The settlement terms are somewhat complicated.  The settlement will resolve all but one of the contractual insurance claims and all of the extra-contractual/bad faith insurance claims and causes of action. Ultimately, the parties will request the court to dismiss all of the claims with prejudice in their entirety once the sole contractual claim remaining in dispute has been finalized.

3.      The sole claim remaining in dispute concerns the amount of Plaintiff's contractual damages for Business Interruption and Extra–Expense arising as a result of roof collapses at the Plaintiff's frozen meat processing plant.  All of the other claims and issues in dispute have been resolved by the agreed upon terms of the compromise settlement negotiated at the mediation.

4.      The parties discovered that there was no easy way, given the existing allegations of the Complaint, to draft a settlement agreement that would provide for a court ordered dismissal of all but the one remaining contractual claim at this time, while leaving that one claim for possible resolution at trial.  The parties met with Judge Oberto to ask for guidance in how the court would be able to facilitate the desired dismissal.

5.      Judge Oberto suggested and the parties agreed that the best way to obtain such a final judgment of dismissal and insure that all of the other claims and causes of action would no longer be involved in the pending litigation was for Plaintiff to file an Amended Complaint alleging a single cause of action for breach of contract. It took some additional time but the Amended Complaint has been drafted and a Stipulation and Order to allow the Amended Complaint to be filed will be submitted to the court shortly.  Defendant has reviewed and approved the wording of the Amended Complaint.  Once it is filed, Defendant will file an answer to it.

6.      To finalize the settlement, and establish an amount of damages for Business Interruption and Extra Expense, the parties agreed that Defendant's retained expert accountant, Susan Thompson with Hemming Morse CPAs, could perform a full forensic audit of the Plaintiff's books and records.  It is believed in good faith by the parties that once the expert accountant has determined the amount of the financial damages the parties will likely be able to accept the figure and allow for a

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2
STIPULATION AND ORDER FOR THE CONTINUANCE OF ALL DATES PURSUANT TO THE EXISTING SCHEDULING ORDER

1  finalized settlement amount which then will allow the case to be dismissed in its entirety.   If the
2  Plaintiff does not agree to accept the accountant's damage figures, then the parties will need to have
3  the issue resolved by this court in a jury trial or possible court trial.

4        7.      The completion of the agreed forensic audit has been completely delayed due to Covid
5  regulations and government imposed restrictions.  The parties also have had a desire to keep everyone
6  safe, which meant that the audit has not yet taken place.  The nature of the audit and the manner of the
7  Plaintiff's business's hard copy books, records, ledgers and invoices etc.  require that the accountant
8  have physical access to the books and records, in addition to receiving electronically stored business
9  and accounting records.   The Plaintiff agreed, as part of the settlement, to cooperate fully with the
10 audit and to make their books and records available to the accountant at the Plaintiff's place of
11 business and to receive any help and cooperation from Plaintiff's accounting and office staff.
12 However, Covid restrictions have also required that most of Plaintiff's office, bookkeeping and
13 finance staff work remotely so there would be no one in the Plaintiff's office to pull requested books
14 and records as needed by the accountant.

15       8.      Further defendant's retained forensic accountant is herself a high risk person and has
16 had to work exclusively remotely from her home   The finalization of the settlement terms and
17 completion of the accounting audit  has thus been greatly delayed and complicated by the restrictions
18 imposed by Covid.  The parties hope and believe that the Covid related restrictions on a physical
19 "live" audit will be lifted by late summer.

20       9.      The parties have not conducted any further discovery in the sincere belief the case
21 basically been settled but for the one issue remaining in dispute.  They do not want to incur the fees
22 and costs to prepare a case for a trial that is unlikely to occur.  It had been anticipated that this case
23 would have been resolved by now, but, through no fault of the parties, Covid has made that impossible
24 to accomplish for the time being.

25       10.     The parties have also engaged in further settlement discussions and may involve Hon.
26 Justice Kane in further mediations handled remotely and possibly separately with the parties

27       11.     The parties have jointly agreed that the current trial date should be vacated and  have
28 jointly agreed to set a new trial date of May 10, 2022.  The parties request that all existing deadlines,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
STIPULATION AND ORDER FOR THE CONTINUANCE OF ALL DATES PURSUANT TO THE EXISTING SCHEDULING ORDER

hearings and settlement conference be vacated and reset in accordance with the new trial date.

12. **The existing Scheduling Order sets forth dates for a settlement conference, hearings, non expert discovery and expert disclosures deadlines, all of which should now be vacated and reset pursuant to the new trial date.**

13. In consideration of the above and with the new trial date anticipated to be May 10, 2022, the parties propose the following new deadlines be set with a new scheduling order:

    a. An extension of the Non Expert Discovery cutoff date of February 28, 2021 to September 26, 2021;

    b. An extension of the Expert Disclosures date of March 6, 2021, to October 8, 2021;

    c. An extension of the Rebuttal Expert Disclosures date of March 16, 2021, to October 20, 2021;

    d. An extension of the Expert Discovery cutoff date of April 30, 2021 to November 22, 2021;

    e. An extension of the Non-Dispositive Motion Filing Deadline of May 3, 2021 to November 26, 2021;

    f. An extension of the Non-Dispositive Motion Hearing Deadline of June 2, 2021 to December 29, 2021;

    g. An extension of the Dispositive Motion Filing Deadline of May 3, 2021 to December 10, 2021;

    h. An extension of the Dispositive Motion Hearing Deadline of June 14, 2021 to January 17, 2022;

    i. An extension of the Settlement Conference of to March 25, 2021 to November 4, 2021;

    j. An extension of the Pre-Trial Conference of August 11, 2021 to March 9, 2022;

    k. That the trial date of October 5, 2021, be vacated and that a new trial date of May 10, 2022 be set.

14. This Stipulation and [Proposed] Order is filed in compliance with Local Rule 143.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
STIPULATION AND ORDER FOR THE CONTINUANCE OF ALL DATES PURSUANT TO THE EXISTING SCHEDULING ORDER

| | | |
|---|---|---|
| Dated: March 17, 2021 | | McCLENY, MOSELEY AND ASSOCIATES |

By: _____/s/Heather Hall Melaas_____
Heather Hall Melaas
Attorneys for Plaintiff
VALLEY PROTEIN, LLC

Dated: March 17, 2021                    McCORMICK, BARSTOW, SHEPPARD,
                                         WAYTE & CARRUTH LLP


By: _____/s/Gordon M. Park_____
Gordon M. Park
Attorneys for Defendant
UNITED FIRE & CASUALTY COMPANY

5

STIPULATION AND ORDER FOR THE CONTINUANCE OF ALL DATES PURSUANT TO THE EXISTING SCHEDULING ORDER

**ORDER**

Pursuant to the above stipulation (Doc. 30), and good cause appearing therefor, the Court GRANTS the Parties' stipulated request and MODIFIES the existing case schedule (Doc. 23) as follows.

1. The Non-Expert Discovery deadline is extended to September 26, 2021;
2. The Expert Disclosures deadline is extended to October 8, 2021;
3. The Rebuttal Expert Disclosures deadline is extended to October 20, 2021;
4. The Expert Discovery deadline is extended to November 22, 2021;
5. The Non-Dispositive Motion Filing Deadline is extended to November 26, 2021;
6. The Non-Dispositive Motion Hearing deadline is extended to December 29, 2021;
7. The Dispositive Motion Filing deadline is extended to December 10, 2021;
8. The Dispositive Motion Hearing deadline is extended to January 18, 2022;[1]
9. The Pre-Settlement Telephonic Conference is continued to October 28, 2021;
10. The Settlement Conference is continued to November 4, 2021;
11. The Pre-Trial Conference is continued to March 16, 2022;
12. The trial date is continued to May 17, 2022.[2]

All other directives in the Scheduling Order (Doc 20) remain unchanged.

IT IS SO ORDERED.

Dated:   **March 17, 2021**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court adjusts this date, as the parties' requested date of January 17, 2022, is a federal holiday.

[2] The Court adjusts the Pre-Trial Conference and trial dates to allow time for the presiding judge to rule on any dispositive motions and the parties to prepare for trial.