McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Gordon M. Park, #72190
  *gordon.park@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendant
UNITED FIRE & CASUALTY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VALLEY PROTEIN, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED FIRE & CASUALTY COMPANY, and Does 1 through 100, inclusive,<br><br>            Defendants. | Case No. 1:19-CV-00231-AWI-SKO<br><br>**JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON**<br><br>**Current Deadline Date:     March 4, 2022**<br>**Requested New Date:        May 4, 2022**<br><br>(Doc. 40)<br><br>Judge:     Hon. Sheila K. Oberto<br>                U.S. Magistrate Judge<br><br>Courtroom: #7   (6th Floor) |

TO THE COURT IN THE ABOVE ENTITLED MATTER FOR THE ATTENTION OF MAGISTRATE JUDGE HONORABLE SHEILA K. OBERTO:

    1.    The Court scheduled March 4, 2022 as the date by which time the parties were to have filed closing documents in this matter to dispose of this litigation following a settlement of the case.

    2.    The parties are requesting that the court provide an additional 60 days continuance of this deadline for the parties to submit the closing documentation to May 4, 2022.

    3.    This matter was settled in its entirety between plaintiff and defendant with a

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno
Street
Fresno, CA 93720

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF
MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

compromise settlement after extensive back and forth negotiations between the parties on January 3, 2022.

4. Prior to litigation, defendant UNITED FIRE & CASUALTY COMPANY had paid to the plaintiff the sum of Two Hundred Fifty-Two Thousand One Hundred Fifty Two Dollars and 62/100 cents ($252,152.62) as compensation for various damages sustained by plaintiff as a result of the roof collapse and related occurrences in this case.  When litigation began, plaintiff was demanding One Million Seven Thousand Six Hundred Twenty Dollars ($1,007,620.00).

5. After extensive written discovery and taking several depositions of key witnesses for plaintiff and defendant, counsel for the parties began to engage in informal settlement talks.

6. On June 17, 2020, a full day settlement mediation was held with plaintiff and defense counsel and their clients attending in person and defendant's claim executive attended via Zoom with agreed mediator the Honorable Stephen J. Kane, Retired Justice of the Fifth District Court of Appeal.  Justice Kane was effective in convincing the parties to negotiate a compromise of plaintiff's demand.

7. At the conclusion of the mediation, plaintiff had demanded, and defendant had agreed to pay,  "new money" sum of Two Hundred Fifteen Thousand Dollars ($215,000) to settle all but one of the remaining claims and causes of action including any extracontractual claims plaintiff may have asserted with the exception of the amount of business interruption and extra expense damages that were still being claimed by the plaintiff.

8. As the court is aware, that settlement resolved any and all claims except for the one cause of action for breach of contract concerning the amount of damages for business interruption and extra expenses.  The parties then continued to discuss the matter, and it was agreed that the defendant would have a forensic accountant, Ms. Susan Thompson of Hemming Morse CPAs, conduct a full audit of the plaintiff's business books and records with the full cooperation of the plaintiff to determine an accurate figure for business interruption and extra expense caused by the several occurrences in this case.  At that time Plaintiff demanded $500,000 to settle that aspect of the case.  Defendant disputed that the actual business interruption and extra expense damages were in that amount and offered $50,000.00.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno
Street
Fresno, CA 93720

2

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

9. Unfortunately, COVID 19 impacted this case as well as all other litigation in a rather drastic fashion. In order for the forensic accountant's audit to be effective, it was going to require that the accountant physically go to the plaintiff's place of business and review the records in place. Many of the plaintiff's records were "hard copies" only, and there was going to be a need for the accountant to see all of the income and expense records as well as sales invoices, etc. and have access to the computer records maintained at the office. However, due to the shutdown instructions mandated by the State government, such a physical inspection at the plaintiff's place of business was not possible. The plaintiff's office staff as well as the accountant were limited to working remotely. It was assumed that the COVID shutdown would be of temporary duration but it proved to have lasted until recently.

10. Counsel for the parties continued to discuss whether or not a compromise settlement could be negotiated without the need for the "forensic accounting" to be done. As the Court can understand, such discussions took longer than might have otherwise been required simply due to the inability for face to face meetings to take place due to COVID 19.

11. After many discussions between counsel for both plaintiff and defendant in this case, the monetary amount of a settlement was agreed upon on October 26, 2021. The basic terms of which were that in addition to the $215,000 already pledged at the mediation as consideration for the settlement, defendant would pay an additional $185,000 "new money" to plaintiff bringing the total "new money" to $400,000. That settlement would then conclude all claims and causes of action in this case.

12. After the monetary consideration was agreed upon, counsel for the parties acknowledged that the pending judgment creditor lien held by Van-G Trucking Inc. in the amount of $109,425.80 needed to be resolved in order for this case to be dismissed. It was assumed that since plaintiff was compromising its demand from $1,007,620 to $400,000 (approximately 40% of the demand) that the lien claimant would be willing to accept a similar compromise of its lien.

13. Thereafter, defendant's counsel was informed by plaintiff's counsel that her client, Robert Coyle, principal officer for plaintiff, had been able to negotiate a compromise settlement of the lien claim directly with the owner of Van-G Trucking Inc. It was therefore agreed between

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno
Street
Fresno, CA 93720

3

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

1  plaintiff and defendant that the $400,000 "new money" settlement would be paid in two checks:
2  One check in the amount of $356,097.40 would be payable to the plaintiff and its counsel while a
3  second check in the amount of $43,902.60 would be issued payable to VAN-G Trucking Inc. and
4  possibly its attorney, Don Pool.

5        14.    Once the amount of the lien was confirmed, and the Settlement Agreement and
6  Release could be finalized, the parties were in a position to conclude this case in its entirety.

7        15.    On December 31, 2021, a draft of the Settlement Agreement and Release was sent
8  by defense counsel to plaintiff's counsel. The understanding was that plaintiff's counsel would
9  review the language of the release and if any terms or language needed to be changed or the release
10 needed to be revised in any way, she would notify defense counsel, and the changes were likely to
11 be accepted and made in the document before execution by the parties.

12       16.    On January 3, 2022, plaintiff filed a Notice of Settlement with the court, and all
13 pending trial dates and mandatory settlement conference dates were vacated. The court then
14 scheduled March 4, 2022 as the deadline for closing documents to be filed.

15       17.    Defense Attorney Gordon M. Park shortly thereafter had a phone discussion with
16 Don Pool, counsel for Van-G Trucking Inc., concerning the lien claim. Attorney Pool informed Mr.
17 Park that there was no compromise settlement of the judgment creditor lien as far as he knew. Mr.
18 Pool indicated that he did not believe his client would accept such a discounted amount of the lien
19 and that as far as Van-G Trucking was concerned, it wanted the lien paid in full.

20       18.    Attorney Park explained to Attorney Pool that this settlement between plaintiff and
21 defendant was a "compromise" and that in effect, plaintiff was accepting approximately 40% of its
22 $1 million demand. It was therefore suggested that it made sense for the lien claimant to accept a
23 similar compromise on its lien claim and be paid approximately 40% of the lien from the settlement
24 proceeds. The lien could then be dismissed from this lawsuit and Van-G Trucking Inc. could then
25 pursue collection of the remainder of the lien  Mr. Pool indicated that he did not believe that was
26 acceptable to his client.

27       19.    Defense counsel then advised plaintiff's counsel of this new development. Plaintiff's
28 counsel indicated that she understood that her client had been in separate negotiations with the owner

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET
FRESNO, CA 93720

of Van-G Trucking Inc. and that the two business owners had agreed between themselves upon a settlement apparently without the involvement of Van-G Trucking Inc.'s attorney. Ms. Hall-Melaas, plaintiff's counsel, agreed that the lien claim had to be resolved before the case could be concluded.

/ / /

20. Plaintiff's counsel has advised defense counsel that her client has continued to be engaged in such separate settlement talks with the creditor. However, at this time, a final resolution of the lien claim has not been arranged.

21. The parties in good faith believe that assuming the judgment creditor lienholder will be reasonable and recognizes that the full amount of the lien cannot be paid from the proceeds of this settlement, this matter may be resolved quickly.

22. At this time plaintiff and defendant would request that the court extend the deadline for final disposition of this case for 60 days to and including May 4, 2022.

23. In the meantime, if it appears that the judgment creditor lienholder and plaintiff cannot resolve the issue as to the amount of the lien, the parties may have to seek judicial assistance in resolving the matter. The plaintiff and defendant would contend that it is not fair or reasonable for the judgment creditor to hold the plaintiff, defendant and the Court hostage in this case and compel the parties to have a trial when this settlement is clearly a "compromise".

24. This extension of the deadline should allow all of the parties, including the lien claimant to further discuss this matter. If an agreement cannot be reached, plaintiff and defense counsel will have discussions concerning what procedural options may exist in order for the court to perhaps intervene and help the parties resolve this lawsuit.

25. The parties jointly submit that this extension is needed and that the plaintiff and defendant in this case have been diligent and acting in good faith in an effort to conclude this case pursuant to the terms of the agreed upon settlement.

26. The reason this matter has not been concluded is set forth above, and the parties would request that the court not sanction either counsel for their inability to file a Request for Dismissal of this action by the Court ordered deadline.

27. This Stipulation and Proposed Order is filed in compliance with Local Rule 143.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

1  / / /

2  / / /

3  / / /

4  / / /

5  Dated: March 1, 2022                              McCLENY, MOSELEY AND ASSOCIATES

By: ___/s/Heather Hall Melaas___
      Heather Hall Melaas
      Attorneys for Plaintiff
      VALLEY PROTEIN, LLC

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET
FRESNO, CA 93720

6

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF
MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

Dated: March 1, 2022          McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/Gordon M. Park
Gordon M. Park
Attorneys for Defendant
UNITED FIRE & CASUALTY COMPANY

## ORDER

Pursuant to the above Stipulation by both plaintiff and defendant (Doc. 40), and for good cause shown, the Court grants an extension to the parties to and including May 4, 2022, by which time the parties will have submitted to the Court documents for dismissal and final resolution of this matter or show cause why that has not been accomplished.

IT IS SO ORDERED.

Dated: **March 4, 2022**         /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET
FRESNO, CA 93720

7
JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON