McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Gordon M. Park, #72190
  *gordon.park@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:     (559) 433-1300
Facsimile:     (559) 433-2300

Attorneys for Defendant
UNITED FIRE & CASUALTY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VALLEY PROTEIN, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED FIRE & CASUALTY COMPANY, and Does 1 through 100, inclusive,<br><br>            Defendants. | Case No. 1:19-CV-00231-AWI-SKO<br><br>**JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MAY 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON**<br><br>**Current Deadline Date:       May 4, 2022**<br>**Requested New Date:         July 1, 2022**<br><br>(Doc. 42)<br><br>Judge:    Hon. Sheila K. Oberto<br>             U.S. Magistrate Judge<br><br>Courtroom: #7   (6th Floor) |

TO THE COURT IN THE ABOVE ENTITLED MATTER FOR THE ATTENTION OF MAGISTRATE JUDGE HONORABLE SHEILA K. OBERTO:

1.     The Court scheduled May 4, 2022 as the date by which time the parties were to have filed closing documents in this matter to dispose of this litigation following a settlement of the case.

2.     The parties are requesting that the court provide an additional approximately 60 day continuance of this deadline for the parties to submit the closing documentation to July 1, 2022.

3.     This matter was settled in its entirety between Plaintiff and Defendant with a compromise settlement after extensive back and forth negotiations between the parties on January

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno
Street
Fresno, CA 93720

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF
MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

3, 2022.

4.     Prior to litigation, Defendant UNITED FIRE & CASUALTY COMPANY had paid to the Plaintiff the sum of Two Hundred Fifty-Two Thousand One Hundred Fifty Two Dollars and 62/100 cents ($252,152.62) as compensation for various damages sustained by Plaintiff as a result of the roof collapse and related occurrences in this case.

5.     After extensive written discovery and taking several depositions of key witnesses for Plaintiff and Defendant, counsel for the parties began to engage in informal settlement talks.

6.     On June 17, 2020, a full day settlement mediation was held with Plaintiff and defense counsel and their clients attending in person and Defendant's claim executive attended via Zoom with agreed mediator the Honorable Stephen J. Kane, Retired Justice of the Fifth District Court of Appeal.  Justice Kane was effective in convincing the parties to negotiate an almost complete compromise of Plaintiff's demand.

7.     At the conclusion of the mediation, the parties had agreed that Defendant would pay, "new money" sum of Two Hundred Fifteen Thousand Dollars ($215,000) to settle all but one of the remaining claims and causes of action including any extra-contractual bad faith claims Plaintiff may have asserted with the exception of determination of an amount contractual damages for business interruption and extra expense damages that were still being claimed by the Plaintiff.

8.     As the court is aware, that settlement resolved any and all claims except for the one cause of action for breach of contract concerning the amount of damages for business interruption and extra expenses.  The parties then continued to discuss the matter, and it was agreed that the Defendant would have a forensic accountant, Ms. Susan Thompson of Hemming Morse CPAs, conduct a full audit of the Plaintiff's business books and records with the full cooperation of the Plaintiff to determine an accurate figure for business interruption and extra expense caused by the several occurrences in this case.  The parties had tentatively agreed that the results of that audit would conclusively determine the final amount of damages to be paid by Defendant and then the lawsuit could be dismissed.

9.     The parties met with the court in an effort to find a procedural way for Plaintiff to be able to dismiss all claims and causes of action but for the one contractual claim remaining in dispute.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET
FRESNO, CA 93720

2
JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF
MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

The court said that due to the way the allegations and causes of action were phrased in the Complaint there was no way for the Plaintiff to do a partial dismissal. The court suggested that the Plaintiff file and Amended Complaint alleging a single cause of action for breach of contract concerning the amount of contractual damages owed for business interruption and extra-expense. The Defendant could Answer that Amended Complaint and that would then supersede the original Complaint. That way the issues in dispute would be narrowed for trial.

10. The parties agreed to do as the court suggested but then, they continued to engage in settlement talks to find a way to possibly allow for a global settlement without amending the pleadings.

11. Unfortunately, COVID 19 impacted this case as well as all other litigation in a rather drastic fashion. In order for the forensic accountant's audit to be effective, it was going to require that the accountant physically go to the Plaintiff's place of business and review the records in place. Many of the Plaintiff's records were "hard copies" only, and there was going to be a need for the accountant to see all of the income and expense records as well as sales invoices, etc. and have access to the computer records maintained at the office. However, due to the shutdown instructions mandated by the State government, such a physical inspection at the Plaintiff's place of business was not possible. The Plaintiff's office staff as well as the accountant were limited to working remotely. It was assumed that the COVID shutdown would be of temporary duration but it proved to have lasted until recently all through 2021.

12. Counsel for the parties continued to discuss whether or not a compromise settlement could be negotiated without the need for the "forensic accounting" to be done. As the Court can understand, such discussions took longer than might have otherwise been required simply due to the inability for face to face meetings to take place due to COVID 19.

13. After many discussions between counsel for both Plaintiff and Defendant in this case, the monetary amount of a settlement to resolve the contractual claim was agreed upon on October 26, 2021. The basic terms of which were that in addition to the $215,000 already pledged at the mediation as consideration for the settlement, Defendant would pay an additional $185,000 "new money" to Plaintiff bringing the total "new money" settlement to $400,000. That settlement would

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

then conclude all claims and causes of action in this case and the case could then be dismissed with prejudice in its entirety..

14. After the monetary consideration was agreed upon, counsel for the parties acknowledged that the pending judgment creditor's lien held by Van-G Trucking Inc. in the amount of the filed amended notice of lien of $109,425.80 needed to be resolved in order for this case to be dismissed. It was assumed that since Plaintiff was compromising its demand from $1,007,620 to $400,000 (approximately 40% of the demand) that the lien claimant would be willing to accept a similar compromise of its lien.

15. Thereafter, Defendant's counsel was informed by Plaintiff's counsel that her client, Robert Coyle, principal officer for Plaintiff, had been able to negotiate a compromise settlement of the lien claim directly with the owner of Van-G Trucking Inc. It was therefore agreed between Plaintiff and Defendant that the $400,000 "new money" settlement would be paid in two checks: One check in the amount of $356,097.40 would be payable to the Plaintiff and its counsel while a second check in the amount of $43,902.60 would be issued payable to Van-G Trucking Inc. and possibly its attorney, Don Pool.

16. Once the amount of the lien was confirmed, and the Settlement Agreement and Release could be finalized, the parties were in a position to conclude this case in its entirety.

17. On December 31, 2021, a draft of the Settlement Agreement and Release was sent by defense counsel to Plaintiff's counsel. The understanding was that Plaintiff's counsel would review the language of the release and if any terms or language needed to be changed or the release needed to be revised in any way, she would notify defense counsel, and the changes were likely to be accepted and made in the document before execution by the parties.

18. Plaintiff's counsel notified defense counsel that the Release language was satisfactory and would be signed. Defense counsel indicated upon receipt of the signed Release, the settlement checks would be issued. On January 3, 2022, Plaintiff filed a Notice of Settlement with the court, and all pending trial dates and mandatory settlement conference dates were vacated. The court then scheduled March 4, 2022 as the deadline for closing documents to be filed.

/ / /

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

///

19.     Defense Attorney Gordon M. Park shortly thereafter had a phone discussion with Don Pool, counsel for Van-G Trucking Inc., concerning the lien claim. Mr. Pool had received the filed and served Notice of Settlement. Attorney Pool informed Mr. Park that there was no compromise settlement of the judgment creditor lien as far as he knew. Mr. Pool indicated that he did not believe his client would accept such a discounted amount of the lien and that as far as Van-G Trucking was concerned, it wanted the lien paid in full.

20.     Attorney Park explained to Attorney Pool that this settlement between Plaintiff and Defendant was a "compromise" and that in effect, Plaintiff was accepting approximately 40% of its $1 million demand. It was therefore suggested that it made sense for the lien claimant to accept a similar compromise on its lien claim and be paid approximately 40% of the lien from the settlement proceeds. The lien could then be dismissed from this lawsuit and Van-G Trucking Inc. could then pursue collection of the remainder of the lien  Mr. Pool indicated that he did not believe that was acceptable to his client. Mr. Pool simply said that he wanted it understood the lien claimant would not agree to a Satisfaction of the Lien for a discounted amount.

21.     Defense counsel then advised Plaintiff's counsel of this new development. Plaintiff's counsel indicated that she understood that her client had been in separate negotiations with the owner of Van-G Trucking Inc. and that the two business owners had agreed between themselves upon a settlement apparently without the involvement of Van-G Trucking Inc.'s attorney or Valley Protein's personal business counsel Russ Ryan. The Plaintiff and Defendant agreed that Federal law made it clear that the lien claim had to be resolved before the case could be dismissed.

22.     Plaintiff's counsel and Defense counsel understood that her client and his personal business counsel continued to be engaged in such separate settlement talks with the creditor and its attorney.

23.     Although it required extensive back and forth negotiations among all of the parties involved, we have been able to negotiate a full settlement of the entire action. The terms of which will involve two payments of the total settlement funds of $400,000. The lien claim of approximately $116, 623.84 plus accruing interest of $26.54 per day will be paid by Defendant

5

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  directly to Van-G Trucking Inc. The remainder of the $400,000 will be paid by Defendant to Plaintiff
2  and its counsel.

3   24. The only details that need to be finalized is whether the payments will done with hard
4  copy checks or via some kind of wire transfer.  The Release language needs to be revised and
5  approved by the parties and then signed.  Payments will then be made. Once the lien claim has been
6  satisfied, a Satisfaction of Lien Claim will be filed and then Plaintiff will file a Stipulation and Order
7  for Dismissal with Prejudice of the entire action.

8   25. At this time Plaintiff and Defendant would request that the court extend the deadline
9  for final disposition of this case for 60 days to and including July 1, 2022.

10   26. This extension of the deadline should allow all of the parties, including the lien
11  claimant to finalize the details and approve the language in the Release.

12   27. The parties jointly submit that this extension is needed and that the Plaintiff and
13  Defendant in this case have been diligent and acting in good faith in an effort to conclude this case
14  pursuant to the terms of the agreed upon global settlement.

15   28. The reason this matter has not been concluded is set forth above, and the parties
16  would request that the court not sanction either counsel for their inability to file a Request for
17  Dismissal of this action by the Court ordered deadline.

18   29. This Stipulation and Proposed Order is filed in compliance with Local Rule 143.

19  Dated:  April 29, 2022     McCLENY, MOSELEY AND ASSOCIATES

                                    By:_____/s/Heather Hall Melaas_____
                                         Heather Hall Melaas
                                         Attorneys for Plaintiff
                                         VALLEY PROTEIN, LLC

25  / / /
26  / / /
27  / / /
28  / / /

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6
JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON

/ / /

/ / /

Dated: April 29, 2022						McCORMICK, BARSTOW, SHEPPARD,
							WAYTE & CARRUTH LLP


						By:	/s/Gordon M. Park
							Gordon M. Park
							Attorneys for Defendant
							UNITED FIRE & CASUALTY COMPANY


**ORDER**

Pursuant to the above Stipulation by both Plaintiff and Defendant (Doc. 42), and for good cause shown, the Court grants an extension to the parties to and including July 1, 2022, for the parties to submit to the Court documents for dismissal and final resolution of this matter, or show cause why that has not been accomplished.

IT IS SO ORDERED.

Dated:  **May 2, 2022**				/s/ *Sheila K. Oberto*
							UNITED STATES MAGISTRATE JUDGE

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET
FRESNO, CA 93720

7

JOINT STIPULATION FOR THE CONTINUANCE OF THE COURT ORDERED DEADLINE OF
MARCH 4, 2022 TO FILE CLOSING DOCUMENTS FOR LAWSUIT; ORDER THEREON